**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-1757

ROBERT A. MARTIN; THOMAS D. MORGAN; RAY JACKSON MEADOWS;
CHARLIE CONNER; STEPHEN KING; EDWARD RIDER; CHARLES MOONEY;
JOHNNY BURGESS; ROGER LEGG; JEFFREY HILL; GREG WRIGHT;
AARON SPRADLING; CRAIG ERVIN; RONNIE L. BARKER; DON
SPRADLING, on behalf of themselves and all others similarly
situated,

Plaintiffs - Appellants,

v.

GORDON BALL,

Defendant - Appellee.

Appeal from the United States District Court for the Northern
District of West Virginia, at Wheeling.  Frederick P. Stamp,
Jr., Senior District Judge.  (5:06-cv-00085-FPS)

Argued:  March 26, 2009                   Decided:  June 12, 2009

Before NIEMEYER and MICHAEL, Circuit Judges, and Eugene E.
SILER, Jr., Senior Circuit Judge of the United States Court of
Appeals for the Sixth Circuit, sitting by designation.

Reversed and remanded by unpublished per curiam opinion.

John Jacob Pentz, III, CLASS ACTION FAIRNESS GROUP, Maynard,
Massachusetts, for Appellants.  William Gordon Ball, Knoxville,
Tennessee, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gordon Ball, as counsel on behalf of a plaintiff class in Tennessee state court, settled a class action between consumer class members and defendant United States Tobacco (UST). Some of the members of the plaintiff class filed suit against Ball alleging claims for breach of fiduciary duty, conversion, and unjust enrichment relating to his conduct in settling the class action. The district court dismissed the case. For the following reasons, we reverse the order of the district court and remand for further proceedings with respect to Plaintiffs' claims against Ball.

## I.   Factual and Procedural Background

The Jefferson County Circuit Court in Tennessee approved a class action settlement between chewing tobacco manufacturer UST and consumers residing in thirteen different states (including West Virginia) who purchased moist snuff tobacco. The settlement agreement awarded the class $12.5 million in UST coupons and contained two clauses relevant to this appeal: one calling for the Tennessee court to retain jurisdiction over the settlement and a "Most Favored Nations" (MFN) clause. The MFN clause entitled class members to receive additional coupons in the event that pending class actions in other jurisdictions regarding the same allegations against UST yielded a higher

3

settlement value. Around the time such a class action was being settled for a much higher value, class counsel (allegedly without notice to the class) agreed to amend the settlement to eliminate the MFN clause in exchange for $2.5 million in coupons and $500,000 attorneys' fees from UST. The Tennessee court entered an order amending the settlement to that effect. Months later, members of the class residing in West Virginia (Plaintiffs) learned of the amendment and moved the Tennessee court to vacate the order approving the amendment. That motion was denied and no further state court litigation ensued.

Plaintiffs filed suit in the Northern District of West Virginia against UST and class counsel alleging claims for breach of fiduciary duty, conversion, and unjust enrichment relating to the elimination of the MFN clause. Each defendant (UST and two class counsel defendants) moved to dismiss, asserting that the federal court lacked jurisdiction. After finding the Rooker-Feldman doctrine did not bar jurisdiction, the district court "declined" jurisdiction because of the settlement agreement's forum selection clause and the Tennessee court's order retaining jurisdiction over the settlement. Plaintiffs appealed but subsequently settled with UST and all but one of the class counsel defendants, Ball.

4

## II. Analysis

### A. Rooker-Feldman

"We review the court's dismissal pursuant to the Rooker-Feldman doctrine de novo." Burrell v. Virginia, 395 F.3d 508, 511 (4th Cir. 2005). The Rooker-Feldman doctrine applies where "the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 292 (2005). The district court found Rooker-Feldman did not apply because the fourth factor requiring application of the doctrine—that the state court action has become final before the federal court suit has been brought—was not met. It found this because the Plaintiffs filed their federal court suit before the Tennessee court had ruled on their motion to vacate. Plaintiffs urge that this finding be affirmed and although Ball did not cross-appeal, he now argues that the district court should have applied the doctrine.

Reviewing this issue de novo, only with respect to Ball, Rooker-Feldman does not apply because Plaintiffs' injuries were not caused by the state court judgment. Their injuries were caused by Ball's alleged malfeasance as class counsel, which is distinct from the state court judgment. "If a federal plaintiff 'present[s] some independent claim, albeit one that denies a

5

legal conclusion that a state court has reached in a case to which he was a party . . . then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion.'"  Exxon Mobil, 544 U.S. at 293 (quoting GASH Assocs. v. Rosemont, 995 F.2d 726, 728 (7th Cir. 1993)).  Here, Ball was not even a party to the state court action and the claims against him for breach of fiduciary duty, unjust enrichment, and conversion are independent of the state court judgment.

## B.  Forum Selection Clause and State Court Order Retaining Jurisdiction

To the extent the district court's decision rested on the forum selection clause, it is reviewed de novo.  Pee Dee Health Care, P.A. v. Sanford, 509 F.3d 204, 209 (4th Cir. 2007).  "[A] motion to dismiss based on a forum-selection clause should be properly treated under Rule 12(b)(3) as a motion to dismiss on the basis of improper venue."  Sucampo Pharms., Inc. v. Astellas Pharma, Inc., 471 F.3d 544, 550 (4th Cir. 2006).

Plaintiffs argued to the district court that even if the forum selection clause were valid and governed the claims against the UST defendants, it did not apply to the claims against the class counsel because they were not parties to the settlement.  The court rejected this argument because the claims against Ball related to the settlement.

6

Reviewing this conclusion de novo, we disagree. In analyzing the applicability of forum selection clauses, we use general principles of contract interpretation. Sucampo Pharms., Inc., 471 F.3d at 550. Although the claims against Ball may have "related to" the settlement agreement, Ball was not a party to that agreement and is not bound by its terms. For the same reason, the state court order incorporating the jurisdiction-retaining terms of the settlement agreement does not preclude concurrent jurisdiction over Plaintiffs' claims against Ball.

## C. Abstention

Finally, we consider the district court decision to "decline" jurisdiction in its discretion. A district court's decision to decline jurisdiction based on abstention principles is reviewed for an abuse of discretion. Vulcan Chem. Techs., Inc. v. Barker, 297 F.3d 332, 341 (4th Cir. 2002). The Supreme Court in Colorado River recognized that federal courts have a "virtually unflagging obligation" to exercise jurisdiction given to them. Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976). After rejecting Pullman, Burford, and Younger as bases for abstention, the Court noted that "the circumstances permitting the dismissal of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration are considerably more limited than the

7

circumstances appropriate for [the three other types of] abstention." Id. at 814-17, 818.

We have noted that, when faced with a possible application of Colorado River abstention, the court must first decide whether a parallel duplicative state proceeding exists. McLaughlin v. United Virginia Bank, 955 F.2d 930, 935 (4th Cir. 1992). "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." New Beckley Min. Corp. v. Int'l Union, United Mine Workers of Am., 946 F.2d 1072, 1073 (4th Cir. 1991). In New Beckley, we found the district court abused its discretion in abstaining because the two suits posed different issues and the remedy sought was not the same. Id. at 1074. The court noted "'[T]he Colorado River doctrine does not give federal courts carte blanche to decline to hear cases within their jurisdiction merely because issues or factual disputes in those cases may be addressed in past or pending proceedings before state tribunals.'" Id. (quoting United States v. SCM Corp., 615 F.Supp. 411, 417 (D.Md. 1985)).

Here, Ball was not a party to the state court settlement and the claims against him—for breach of fiduciary duty, unjust enrichment, and conversion—are new claims seeking new remedies. The motion to vacate the order in the Tennessee court was therefore not "duplicative" of Plaintiffs' current claims. In

8

light of this, the district court erred when it declined jurisdiction.

Neither the forum selection clause, the state order retaining jurisdiction, nor abstention under Colorado River justifies dismissal.  The order of the district court is

REVERSED AND REMANDED.